### COMMONWEALTH v. PRESTON HALL, ET AL.

**Criminal Law—Sufficiency of Indictment for Cheating.**

When a fraud is accomplished by a false oral statement and a false symbol or token of such a character that common prudence will not detect its falsity, the offender may be indicted and punished without the aid of a statute.

**Indictment.**

An indictment for cheating was held sufficient which charges that the defendants represented ginseng offered and sold as being good, where they had placed lead in it which could not be discovered by ordinary prudence.

### APPEAL FROM JOHNSON CIRCUIT COURT.

September 9, 1876.

OPINION BY JUDGE COFER:

This was an indictment for cheating in trade. The substance of the allegations in the indictment was that the appellees took some ginseng, which is an article of commerce, to John Bartram, a merchant who dealt in that article, and represented to him that it was good, and sold it to him as such, and received payment therefor, when in fact they knew it was not, having themselves placed lead inside of the roots so as to increase its weight, and in such manner that the lead could not be seen or discovered by ordinary observation, whereby they defrauded the said Bartram. The circuit court sustained a demurrer to the indictment and the commonwealth has appealed.

A cheat, at common law, is a fraud accomplished by the instrumentality of some false token or symbol, of a nature that common prudence cannot guard against, to the injury of one in his property

or estate. (1 Bishop's Cr. Law, Sec. 422.) Forgery and obtaining money or property by false pretenses or tokens were cheats at the common law, and punishable as such until the statute of 33 Henry, 8 C. 1, when they were made statutory crimes, as now, by our statute.

A fraud accomplished by a mere lie is not an indictable offense at the common law, but when accomplished by a lie aided by a false symbol or token, the offender may be indicted and punished without the aid of a statute. 2 Bishop, Sec. 119. "If a person selling an article by measure, says, 'here are so many bushels,' he merely tells an untruth, and is not indictable at common law, though the purchaser takes it at his representation; still, if he measures it out to the buyer, the measure is a token, and, being false, he commits a criminal cheat." Ib. 120. "The reason," says Wilmot, J., "is, that in the former case it is in everybody's power to prevent this sort of imposition, whereas a false measure is a general imposition upon the public which cannot be well discovered." (*Rex v. Ofborn,* 3 Bur. 1697.)

"If one procures money or goods of another, on the false oral representation of having been sent for them, he is not indictable at the common law, on account of there being no token; yet if he presents a piece of paper, which purports, falsely, to be an order from such other, this paper is a token, and he may be held for a criminal cheat." (2 Bishop Cr. Law, Sec. 123.)

So if one obtains money or goods on a piece of paper purporting to be a bank note, when he knows there is no such bank (*Commonwealth v. Speer,* 2 Va. Cases 65), or obtains it when, there being such a bank, the bill is within his knowledge counterfeit (*Commonwealth v. Boynton,* 2 Mass. 77), or nevertheless, being in blank, the signatures of the officers not being attached thereto, and the defect not obvious on account of the bill having been much worn, he commits a common-law cheat. Ib., Sec. 122.

The principle deducible from those authorities is, that whenever a fraud is accomplished by a false oral statement and a false symbol or token, of such a character that common prudence will not detect its falsity, the offender may be indicted and punished without the aid of a statute.

The charge in the indictment is that the defendants represented the ginseng offered and sold as being good, and that they had placed lead in it which could not be discovered by ordinary prudence. The article they offered appeared to be ginseng, and nothing else, when by the arts of the defendants it was ginseng and lead. Was it not

a false token? It was ginseng counterfeited. The whole appeared to be what it was represented to be, whereas a portion was a different substance of less value and had been introduced for a fraudulent purpose. If the article offered had been something beside ginseng but so resembling it as not to be distinguishable by common prudence, it would then have been as certainly a false token as a counterfeit bank note or a forged order; that it was only partly false makes no difference. The gist of the offense is the deceit and fraud, and the false token is but the device used in perpetrating the offense.

The judgment is *reversed,* and the cause remanded with directions to overrule the demurrer.

*Moss, A. J. Auxier, for appellant.*